IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. CRUCE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 12-0319-WS-N |
| | ) |
| WHERTEC MECHANICAL, LLC, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

    This matter comes before the Court *sua sponte* on preliminary screening of the Notice of Removal (doc. 1) filed by defendant Whertec Mechanical, LLC, on May 16, 2012.

    In light of its narrowly circumscribed jurisdiction, this Court bears an affirmative duty to inquire *sua sponte* whenever it appears that subject matter jurisdiction may be lacking. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.") (citation and internal quotation marks omitted).[1] In the Notice of Removal, Whertec predicates federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332. "For federal diversity jurisdiction to attach, all parties must be completely diverse … and the amount in controversy must exceed $75,000." *Underwriter's at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) (citations omitted). The Notice of Removal leaves substantial unanswered questions as to both of these requirements.

---

[1]    *See also Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (noting that "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

First, as to complete diversity of the parties, the Notice of Removal states that Whertec is a "limited liability company organized under the laws of the State of Florida with a principal place of business in Orange Park, Florida." (Doc. 1, ¶ 5(b).)  But that is not sufficient.  For diversity of citizenship purposes, the law of this Circuit provides that a limited liability company such as Whertec is a citizen of any state of which any member of the entity is a citizen.  *See, e.g., Osting-Schwinn*, 613 F.3d at 1086 (recognizing that, in contrast to corporations, "unincorporated associations do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332"); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen").  Thus, in order to allege diversity of citizenship properly in a case involving an unincorporated business entity, "a party must list the citizenships of all the members of the limited liability company." *Rolling Greens*, 374 F.3d at 1022.  Whertec's Notice of Removal fails to identify the citizenship of its members, and is therefore inadequate to establish diversity jurisdiction. *See Osting-Schwinn*, 613 F.3d at 1092-93 (reversing and remanding case where district court had not required unincorporated association to plead citizenship of all of its members in order to establish subject matter jurisdiction).

Second, as to amount in controversy, the Notice of Removal states that the "Complaint demands damages in excess of $75,000." (Doc. 1, ¶ 6.)  Review of the pleading itself shows otherwise.  In fact, the Complaint does not specify the amount of damages sought at all, or identify with any particularity the physical injuries of which plaintiff complains.  Accordingly, the factual and legal bases for Whertec's contention that the Complaint "demands damages in excess of $75,000" are unclear.  In that regard, it is well-settled that "[i]f a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations and internal quotation marks omitted).  In shouldering this burden, a removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  Rather, the defendant may satisfy its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or

-2-

that there is "additional evidence demonstrating that removal is proper." *Roe*, 613 F.3d at 1061 (citations omitted). What the defendant may not do, however, is rely exclusively on "conjecture, speculation, or star gazing" to establish the requisite amount in controversy. *Pretka*, 608 F.3d at 754. If Whertec believes it is "facially apparent" from the Complaint that the amount in controversy is satisfied, then it must explain why. If Whertec has "additional evidence demonstrating that removal is proper," then it must come forward with such evidence. It has done neither.

In light of the foregoing, defendant is **ordered** to file a supplemental memorandum, supported by exhibits and authorities as appropriate, in support of its Notice of Removal on or before **May 30, 2012**, addressing these defects. Plaintiff may file a response on or before **June 6, 2012**, at which time the jurisdictional issue will be taken under submission.[2]

DONE and ORDERED this 17th day of May, 2012.

                                s/ WILLIAM H. STEELE
                                CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court is aware that defendant filed a Motion to Dismiss (doc. 2) in this District Court contemporaneously with its Notice of Removal. In light of the jurisdictional concerns set forth above, the undersigned will refrain from entering a briefing schedule on the Motion to Dismiss until such time as the jurisdictional issue has been resolved. All parties will be afforded a fair opportunity to be heard in response to that Motion if/when the citizenship and amount-in-controversy issues set forth herein are resolved in favor of the existence of § 1332 jurisdiction.